UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| FRANCES HINES, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 15-11897 ) ) |
| BOSTON PUBLIC SCHOOLS, | ) ) |
| Defendant. | ) ) ) ) |

# MEMORANDUM AND ORDER

CASPER, J.                                                                 September 8, 2017

## I.  Introduction

Plaintiff Frances Hines ("Hines"), proceeding *pro se*, asserts claims against Defendant Boston Public Schools ("BPS") arising under Mass. Gen. L. c. 151B, § 4, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, for discrimination, retaliation and failure to accommodate based upon her alleged disability, as well as claims under 42 U.S.C. § 1983, and for breach of contract.  D. 22.  BPS has moved to dismiss the amended complaint.  D. 24.  For the reasons stated below, the Court ALLOWS IN PART AND DENIES IN PART BPS's motion.

## II.  Standard of Review

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (internal citation omitted).  Reading the complaint "as a

1

whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein. Id. Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. Id. Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103. The Court notes that "the fact that [a plaintiff] filed the complaint *pro se* militates in favor of a liberal reading" of her allegations. Rodi v. S. New England Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

### III. Factual Background

Taking the factual allegations in the complaint as true, as required at this stage, the Court summarizes the following facts. Hines is a handicapped person, with a physical impairment including a weak left leg and stiff knee and a mental impairment including diagnoses of a learning disability and attention deficit disorder. D. 22, ¶ 1. Hines is an employee of BPS and worked at the Ellis School as a paraprofessional starting in September 2004. Id., ¶¶ 2, 4. Hines suffered an injury that caused her physical disability in 2005. Id., ¶ 6. Hines's doctor diagnosed her with attention deficit disorder and a learning disability, memorializing that diagnosis on May 12, 2010, and recommending that she receive an accommodation at work. Id., ¶ 10. Hines informed BPS of her diagnoses and injuries, and requested a reasonable accommodation, but was still assigned to a special education class, that to reach, she had to take stairs. Id., ¶¶ 11-12.

In November 2011, Hines faced alleged interference and abuse in her work from multiple teachers, who would assign her to supervise special education students at recess while also

revoking outdoor recess for those students, and would "verbally berate" Hines in front of those students, and threaten to make Hines leave the school. Id., ¶¶ 8-9. BPS was aware that students in special education classes were more unruly, more likely to assault other students and teachers, and that Hines, as a disabled individual herself, would be more likely to be a target of this behavior. Id., ¶ 14. Hines suffered increased pain and anxiety from these experiences. Id., ¶ 9. In January 2012, Hines filed a complaint with the Massachusetts Department of Elementary & Secondary Education about the harassment by the teachers. Id., ¶ 13. In February 2012, a student in her class physically assaulted Hines, causing her injuries that required a medical leave. Id., ¶¶ 15-16. Upon returning to work, Hines again raised the issue of the verbal abuse she had endured from teachers and further requested that she be transferred to another class. Id., ¶ 17. The school principal denied her request and a student in Hines's class assaulted her again. Id., ¶¶ 18-19. On November 24, 2015, BPS notified Hines that it was willing to modify her work assignment in response to her request for a reasonable accommodation, including offering access to strategies to help Hines reduce her stress and anxiety levels. Id., ¶¶ 19-21. BPS did not modify Hines's work assignment and she continued to work in the same class. Id., ¶ 22. At some later point, after Hines continued to complain about harassment, BPS transferred Hines to the Tynan School. Id., ¶ 23.

## IV. Procedural History

Hines instituted this action on May 29, 2015. D. 1. On August 30, 2016, the Court allowed BPS' motion to dismiss the original two-page complaint (with two-page addendum) without prejudice, allowing Hines leave to file an amended complaint. D. 18. Hines has since filed an amended complaint. D. 22. BPS has now moved to dismiss the amended complaint. D. 24.

**V.     Discussion**

   **A.     <u>As Alleged, the Claims in the Amended Complaint are Not Time-Barred</u>**

In dismissing Hines's first complaint, the Court determined that her claims, accruing at the latest on February 15, 2012, D. 1 at 5, may be time-barred because her complaint was filed on May 29, 2015, beyond the three-year statute of limitations, D. 18.

BPS contends that Hines's her claims remain time-barred.  Under Chapter 151B, the ADA, and the Rehabilitation Act, Hines must have filed a charge with the Massachusetts Commission Against Discrimination ("MCAD") or Equal Employment Opportunity Commission ("EEOC") within three-hundred days of the alleged unlawful employment practice.  Mass. Gen. L. c. 151B, § 5; 42 U.S.C. § 2000e-5(e)(1); <u>see</u> 42 U.S.C. § 12117(a) (applying "the powers, remedies, and procedures" of section 2000e-5 to the ADA); 29 U.S.C. § 794a (applying same to the Rehabilitation Act).  In addition, Hines's claims are subject to a three-year statute of limitations. Mass. Gen. L. c. 151B, § 9; <u>Dube v. Wyeth Biotech</u>, No. 10-cv-11316-RGS, 2011 WL 134053, at *1 (D. Mass. Jan. 14, 2011).

For her claims not to be time-barred under a continuing violation theory, Hines must show that (1) her claim arises from "a series of related events;" (2) that the claim is "anchored" by one or more acts of discrimination or retaliation that occurred within the limitations period that are "substantially relate[d]" to the earlier alleged instances of discrimination or retaliation; and (3) that a reasonable person in Hines's circumstance would not have filed a charge or complaint within the limitations period.  D. 18 (citing <u>Shervin v. Partners Healthcare Sys., Inc.</u>, 804 F.3d 23, 34-35 (1st Cir. 2015)).

Hines contends that her new allegations act as anchors for the continuing violation doctrine. Specifically, that on or about November 24, 2015, BPS provided her with a written notification

that her work assignment would be modified, but that BPS never fulfilled this promise. D. 22, ¶¶ 20-22. She also points to her allegation that BPS's subsequent decision to transfer her to the Tynan School was retaliation for her prior complaints. Id., ¶ 23. "[D]isadvantageous transfers or assignments" can be actionable acts of retaliation or adverse employment action for discrimination, retaliation or hostile work environment claims, as Hines alleges both the denial of her work modification, causing additional student assaults, and ultimate transfer are so actionable. Wyatt v. City of Boston, 35 F.3d 13, 15 (1st Cir. 1994); see Semsroth v. City of Wichita, 304 F. App'x 707, 721 (10th Cir. 2008). Because Massachusetts law does not impose the duty to bring suit until the plaintiff "has good reason to believe that her 'problems would [not] cease,'" Shervin, 804 F.3d at 35 (alteration in original) (quoting Cuddyer v. Stop & Shop Supermarket Co., 434 Mass. 521, 540 (2001)), taking her allegations as true, Hines was not obligated to file an amended complaint until in or around November 2015 when the possibility of a disability accommodation was withdrawn and she faced an alleged retaliatory transfer to another school. BPS does not address these additional allegations in its brief and its argument that the complaint generally draws on the same facts is not persuasive in this regard. Accordingly, the Court does not dismiss the Mass. Gen. L. c. 151B, ADA, or Rehabilitation Act claims on statute of limitations grounds.

BPS makes no arguments in support of its apparent position that Hines's other claims, constitutional and contractual, are time-barred. "[I]t is the parties['] burden, not the court, to develop arguments in support of their claims/positions, with citation to relevant legal authority." Lovern v. Astrue, No. 09-cv-40098-TSH, 2011 WL 4621455, at *6 (D. Mass. Sept. 29, 2011). Accordingly, the Court does not dismiss Hines's § 1983 and breach of contract claims on this basis.

B.   **Hines Has Stated Claims for Disability Discrimination, Retaliation and Reasonable Accommodation**

Proceeding to the merits, BPS argues that, despite the augmented allegations in her amended complaint, Hines has not stated any claims that would entitle her to relief. For Hines's claims under Chapter 151B, the ADA and the Rehabilitation Act, BPS concedes that Hines has alleged a disability, and focuses on a few purported insufficiencies touching on her claims for disability discrimination, reasonable accommodation and retaliation referenced in the amended complaint.

To state a disability discrimination claim, Hines must plead that "(1) [s]he suffers from a disability or handicap, as defined by the ADA and Chapter 151B, that (2) [s]he was nevertheless able to perform the essential functions of [her] job, either with or without reasonable accommodation, and that (3) [BPS] took an adverse employment action against [her] because of, in whole or in part, [her] protected disability." Tobin v. Liberty Mut. Ins. Co., 433 F.3d 100, 104 (1st Cir. 2005) (collecting cases). To state a reasonable accommodation claim, Hines must plead the same first two factors as under a discrimination theory, but must also plead that BPS, "despite knowing of [her] disability, did not reasonably accommodate it." Id. at 107 (citing Estades–Negroni v. Associates Corp. of North America, 377 F.3d 58, 63 (1st Cir. 2004)). To state a retaliation claim, Hines must plead that "(1) s/he engaged in protected conduct," in other words that she requested a reasonable accommodation for her disability, "(2) s/he was subjected to an adverse action by the defendant, and (3) there was a causal connection between the protected conduct and the adverse action." Smith v. The Pub. Sch. of Northborough-Southborough Massachusetts, 133 F. Supp. 3d 289, 294 (D. Mass. 2015) (citing D.B. ex rel. Elizabeth B. v. Esposito, 675 F.3d 26, 40–41 (1st Cir. 2012)).

With respect to Hines's disability discrimination and reasonable accommodation claims, BPS contends that Hines has not specifically alleged her ability to perform the essential functions of her job or the nature of the reasonable accommodation sought, and that this failure is sufficient to dismiss her claims. This argument, unsupported by case law, is unavailing. Hines does specifically allege that BPS offered and she accepted an accommodation "including but not limited to the employer's continued conversation relative to strategies to help reduce [her] stress and anxiety levels." D. 22, ¶ 21. Even if BPS suggests that the amended complaint indicates that Hines sought another unspecified reasonable accommodation, more specific allegations are not required to survive a motion to dismiss. See Blankmeyer v. Stonehill Coll., Inc., No. CIV.A. 12-10378-RWZ, 2012 WL 5378721, at *1 (D. Mass. Nov. 2, 2012). Moreover, for the purposes of the motion to dismiss, the Court reasonably infers from the fact that Hines continued to be retained, implied by the amended complaint and confirmed by BPS in its brief, D. 22, ¶ 23; D. 24 at 9, that if Hines "was incapable of performing the essential functions of her job, presumably she would not have been retained." Cook v. Entergy Nuclear Operations, Inc., 948 F. Supp. 2d 40, 46 (D. Mass. 2013).

With respect to her disability discrimination, reasonable accommodation and retaliation claims, BPS contends that Hines has not plausibly alleged that she suffered an adverse employment action, or that any action she did suffer was discriminatory. However, Hines has alleged, among other things, that she was forced to work in the same classroom where she had to traverse stairs despite her physical injury, was verbally and physically abused by teachers and students, respectively, and after complaining about her treatment at the Ellis School and requesting a transfer, was kept in the same classroom and faced the same treatment before ultimately being transferred without an interactive process or reasonable accommodation after being further berated

7

and assaulted. It is, therefore, plausible at this stage that she faced an adverse employment action in the form of a "disadvantageous transfer[] or assignment[]," at least. Wyatt, 35 F.3d at 15 (internal citation omitted); see Andrews v. Massachusetts Bay Transit Auth., 872 F. Supp. 2d 108, 115 (D. Mass. 2012). Specificity beyond providing "fair notice" to BPS "of the basis of the claim" and factual allegations making the claim "facially plausible" are not required at this stage. See Andrews, 872 F. Supp. 2d at 115. Accordingly, BPS's motion is denied with respect to Hines's Chapter 151B, ADA and Rehabilitation Act claims for disability discrimination, reasonable accommodation and retaliation.

### C. Hines Has Plausibly Alleged a Hostile Work Environment Claim

Similarly, the purported deficiencies BPS identifies with respect to Hines's hostile work environment claim are unavailing. To state a hostile work environment claim, Hines must plead "(1) that she is a member of a protected class; (2) that she was subjected to unwelcome harassment; (3) that the harassment was based on her membership of the protected class; (4) that the harassment was so severe or pervasive that it altered the conditions of her employment and created an abusive work environment; (5) that the objectionable conduct was objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and the victim in fact did perceive it to be so; and (6) that some basis for employer liability has been established." Boone v. Old Colony Young Men's Christian Ass'n, No. 13-cv-13131-DJC, 2015 WL 7253676, at *3 (D. Mass. Nov. 17, 2015) (quoting Torres-Negron v. Merck & Co., 488 F.3d 34, 39 (1st Cir. 2007)).

BPS focuses on only two factors. It contends as to the third factor that Hines's allegations do not relate directly to her membership in a protected class. However, whether the alleged harassment was based on membership of the protected class may be inferred by indirect evidence that the plaintiff was subject to treatment that other coworkers outside the relevant protected class

8

did not experience. See, e.g., Bacchus, 137 F. Supp. 3d at 240–41; Clay v. United Parcel Serv., Inc., 501 F.3d 695, 706–07 (6th Cir. 2007). A plain reading of the amended complaint reveals that Hines has alleged that she faced instances of hostility and discrimination in the form of physical assault and verbal abuse, and that she was singled out for these experiences because of her disability. See, e.g., D. 22, ¶¶ 8-9 (alleging additional responsibilities and berating by teachers, and that that treatment was "inconsistent with the normal practice of the BPS"); id., ¶ 11 (alleging knowledge of Hines's disability); id., ¶ 12 (alleging that "[d]espite knowledge of the plaintiff's injuries," Hines was "assigned [] to a special education class, where her duties included traversing stairs"); id., ¶¶ 14-15, 18-19 (alleging BPS knew that special education classes are particularly unruly, and that Hines's disability would make her more likely to be targeted, and that she ultimately was assaulted multiple times).

The Court also rejects BPS's argument that Hines's allegations are not sufficiently severe or pervasive to state a hostile work environment claim. "There is no mathematically precise test . . . use[d] to determine when this burden has been met, instead, [the Court] evaluate[s] the allegations and all the circumstances," paying particular attention to whether the alleged acts were "physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with an employee's work performance." Smith v. The Pub. Sch. of Northborough-Southborough Mass., 133 F. Supp. 3d 289, 296 (D. Mass. 2015) (internal quotation marks omitted) (quoting Carmona–Rivera v. Puerto Rico, 464 F.3d 14, 19 (1st Cir. 2006)). In Smith, the court dismissed the plaintiff's hostile work environment claim because the allegations did not rise above conduct that included being "rude . . . and occasionally insult[ing]" the plaintiff. Id. By contrast, Hines has alleged facing physical harm and threats, D. 22, ¶¶ 18-19, burdening of her responsibilities caused by being singled out by teachers in her school to, *inter alia*, supervise

special education children at recess indoors instead of outside, id., ¶ 8, and verbal harassment by teachers, including in front of students, id., ¶¶ 8, 18. Furthermore, Hines alleged that after facing verbal harassment by teachers and assault by students, and raising these issues with her supervisors at the Ellis School, she was denied a transfer. Id., ¶¶ 17-18. "[T]he inadequate response by defendant to plaintiff's internal complaints of harassment may be considered as evidence of a hostile work environment." Cook, 948 F. Supp. 2d at 46 (collecting cases).

Finally, BPS argues that Hines's allegations must show that she was singled out or treated differently through the hostile behavior. Even if Hines were obligated to specifically allege that she was singled out, she, a *pro se* plaintiff, did so, in so many words, by alleging that additional burdens and physical threats she endured were unique among employees at her school, D. 22, ¶ 9, and were discriminatory and retaliatory as discussed above. Accordingly, BPS's motion as to Hines's hostile work environment claim is denied.

### D. Hines's Contract Claim Survives

Despite arguing that all of Hines's claims are deficient, BPS raises no separate argument addressing the merits of her breach of contract claim, alleging that BPS violated the collective bargaining agreement to which she is a party. D. 22, ¶ 40. Accordingly, BPS's motion as to Hines's breach of contract claim, at this stage, is denied.

### E. Hines's Due Process Claim is Dismissed

Finally, Hines does not raise any arguments in defense of her § 1983 claim, see D. 31, which BPS contends has failed to state a claim for which relief can be granted. Accordingly, Hines has waived this argument and the Court dismisses her § 1983 claim.

## VI. Conclusion

For the foregoing reasons, BPS's motion to dismiss, D. 24, is ALLOWED IN PART AND DENIED IN PART. The motion is allowed as to Hines' § 1983 claim, but otherwise denied.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge